### LOUISE LUKER ET AL. v. JAMES W. YOUNG ET UX.

Decided February 24, 1926.

**Negligence—Motor Vehicle Injury to Pedestrian—Contributory Negligence Not Shown—Verdict Not Contrary to Weight of Evidence—Verdict Both for Father and Injured Person Excessive—Reduced to $10,000 and $15,000, Respectively.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *William K. Flanagan.*

*Contra, Reilly, Quinn & Parsons.*

PER CURIAM.

This action was brought by Louise Luker, a girl about twenty years of age, to recover compensation for injuries received by her in being run down by an automobile belonging to the defendant James W. Young, and driven by his wife.   Her father also claimed to be entitled to compensation for the loss of the services of his daughter and the expenses to which he was put by reason of her injuries.   The trial resulted in favor of the plaintiffs, the jury awarding the girl $20,000 and the father $15,000.

The first contention submitted by the defendants as a reason for making the present rule absolute, is that the trial court should have directed a nonsuit because contributory negligence on the part of the girl, Louise, was conclusively shown. This assertion, we think, is contrary to the fact. If the accident happened in the way described by her on the witness-stand, it was at least doubtful whether she was guilty of any negligence contributing to the accident, and whether or not her story was a truthful description of the conditions under which the accident occurred was a matter for the determination of the jury.

It is next argued that the verdicts are contrary to the weight of the evidence. In disposing of this contention, it is enough to say that our examination of the proofs sent up with the rule leads us to the opposite conclusion.

Lastly, it is said that the verdicts are excessive. Notwithstanding the fact that the girl was seriously injured, according to the testimony of physicians who gave evidence in her behalf, and whose testimony the jury was entitled to accept, we think this contention on the part of the defendants is sound. We also think that the award to the father was plainly excessive.

If the plaintiffs will consent to reduce the verdict in favor of Louise to $15,000, and that in favor of the father to $10,000 the rule to show cause will be discharged. Otherwise, it will be made absolute.